UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                              Criminal No. 08-cr-162-JD

James Flanders


                      O R D E R

The defendant, James Flanders, moves for a sentence reduction, to a sentence of 131 months, based upon the amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 69). For the reasons stated below, the motion to reduce the sentence to 131 months is denied. The defendant is entitled to have his sentence reduced to 151 months.

On April 28, 2011, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowered the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in § 2D1.1, and provided a mechanism for determining the guideline range for offenses involving crack

cocaine and other controlled substances. This amendment took effect on November 1, 2011.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. Therefore, as of November 1, 2011, reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment were authorized.

On September 14, 2009, Flanders pled guilty to a two-count indictment charging possession of crack cocaine with intent to distribute and conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. At sentencing, Flanders was deemed to have a total offense level of 31 and a criminal history category of VI, resulting in an advisory guideline range of 188 to 235 months. The court, however, accepted a binding plea agreement between the parties and sentenced the defendant to 160 months of imprisonment.

On the record, Flanders is entitled to a sentence reduction based on a retroactive application of the guideline amendment. The retroactive guideline amendment lowered Flanders's applicable guideline range to 151 to 188 months. Because the amended guideline range is lower than the sentence Flanders received, he

is eligible for a sentence reduction to 151 months.  The
government supports a reduction in Flanders's sentence to 151
months.

Flanders, however, argues that he is entitled to a sentence
reduction to 131 months.  In support, he argues that the plea
agreement the parties entered into encompassed a 20 month credit
for presentence incarceration.  He contends, therefore, that he
is entitled to the lowest sentence in the amended guideline
range, 151 months, with an additional 20 month reduction for
presentence incarceration as reflected in the original plea
agreement.

U.S.S.G. § 1B1.10(b)(2)(A) provides: "[e]xcept as provided
in subdivision (B), the court shall not reduce the defendant's
term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy
statement to a term less than the minimum of the amended
guideline range determined under subdivision (1) of this
subsection."  Subdivision B provides that an additional reduction
in sentence may be granted only if the defendant's original
sentence was lower than the guideline range because of "a
government motion to reflect the defendant's substantial
assistance to authorities."

Under the language of the Sentencing Guidelines, the court
does not have the authority to reduce Flanders's sentence below

the amended guideline range unless Flanders received the benefit of a government motion to reflect his substantial assistance. Flanders and the government agree that there was no substantial assistance motion in this case. Therefore, Flanders's sentence cannot be reduced to less than 151 months. See Dillon v. United States, 130 S. Ct. 2683, 2688 (2010).

For the foregoing reasons, the defendant's motion to reduce sentence to 131 months (document no. 69) is denied. The court orders the defendant's sentence to be reduced to 151 months.

SO ORDERED.

                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

August 16, 2012

cc: Seth R. Aframe, Esquire
    Glenn G. Geiger, Esquire
    Terry L. Ollila, Esquire